**OSAGE COAL & MINING CO. v. SASSETTI et al.**

No. 18954.   Opinion Filed March 27, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Review of Awards—Effect of Confession of Error by Respondent.**

Where, in an action in this court to review an award of the State Industrial Commission, the respondents confess the error complained of, this court will not search the record to find some theory upon which the award of the Commission may be sustained, but may, where the authorities cited in the petitioner's brief filed, appear reasonably to sustain the claim of the petitioner, reverse, vacate, or modify the award.

Original action to review an award of the State Industrial Commission in favor of Joseph. Sassetti and against the Osage Coal & Mining Company. Error confessed by respondents. Modification of award sought by the parties to this action. Modified. with directions.

Monk & McSherry, for petitioner.

Edwin Dabney, Atty. Gen., for State Industrial Commission.

Fuller, Porter & Fuller, for respondent Sassetti.

PER CURIAM. This is an original action in this court to review an award of the State Industrial Commission.

The respondent Joe Sassetti on June 3, 1920, received an accidental personal injury arising out of and in the course of his employment with the petitioner herein, resulting in a temporary total disability, for which compensation has been paid in full.

Thereafter said respondent obtained a reopening of his case, which resulted in a finding of fact that from and after October 10, 1924, said respondent was partially disabled from the performance of manual labor, and further found that an average wage at the time of his injury was $9 per day and that subsequent to the injury his average wages were $3 per day; that he was entitled to compensation by reason of his partial disability for sixty-six and two-thirds per cent. of the difference in his wage-earning capacity prior to and subsequent to the injury sustained, not to exceed $18 per week. Upon this finding and conclusion the State Industrial Commission ordered the petitioner to pay to the respondent compensation from October 10, 1924, to April 14, 1927, at the rate of $18 per week and to continue such payment of compensation at the same rate for a period not to exceed 300 weeks.

The petitioner alleges error in the finding of the Commission that respondent was entitled to compensation at the rate of $18 per week for the reason the Commission erred in its finding that respondent's average daily wage prior to the accident was $9 per day and he was entitled to compensation on the basis of $6 per day, and under the present law in force sixty-six and two-thirds per cent. of the average weekly wage is payable, when in fact the average daily wage of respondent was $6 at the time of his injury and the compensation should have been based upon a difference in earning capacity of $3 a day on a 50 per cent. basis, as provided in the Workmen's Compensation Law in force at the time of the injury.

These errors are confessed by the respondent, and both the petitioner and the respondents have prayed this court to modify the award so made by the State Industrial Commission in the following particulars:

"That section numbered 3 of said order be modified to read as follows:

"'That the average wages of claimant at the time of said injury was $6 per day and that the average wage of claimant subsequent to said injury is approximately $3.'

"That the next paragraph be modified to read as follows:

"'The Commission is of the opinion: On consideration of the foregoing facts that claimant is entitled to compensation by reason of his partial disability for 50 per cent. of the difference in his wage earning capacity prior to and subsequent to the injury sustained not to exceed $8,66 per week.'

"That the next paragraph in said order be modified to read:

"'It is, therefore, ordered: That within 10 days from this date the respondent, Osage Coal & Mining Company, pay to Joe Sassetti the sum of $1,100.69, same being 130 weeks and 4 days' compensation at the rate of $8.66 per week, computed from October 10, 1924, to April 14, 1927, and continue payment of compensation at the rate of $8.66 per week thereafter for a period not to exceed 300 weeks, or until otherwise ordered by the Commission.'"

Under this condition this court will not search the record to find some theory upon which the award of the Commission may be sustained, but may, where the authorities cited appear reasonably to sustain the claim of the petitioner, reverse, vacate, modify the award sought to be reviewed.

In this case the authorities cited by petitioner reasonably support its contention, and the respondents have confessed the same; all the parties hereto have prayed this court to modify said award. We therefore modify the same as hereinbefore prayed by the parties hereto and direct the State Industrial Commission to render and enter the award as modified herein as their award in this cause.

Note.—See Workmen's Compensation Acts —C. J. p. 124, §131.